**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES,

      v.                                                             Case No.: 3:13cr48/RV

CHARGES KOKESH.
_____/

**ORDER**

The defendant was charged by indictment with selling two African elephant tusks and creating two false records or accounts regarding that sale in violation of the Endangered Species Act and the Lacey Act. The case was tried before a jury from October 30, 2013, through November 1, 2013. The parties filed six written motions before and during trial (docs. 22, 23, 34, 35, 43, 46), which I orally ruled on from the bench.[1] This order will briefly memorialize those oral rulings.[2]

The government's motion to exclude evidence regarding the defendant's financial circumstances and problems (doc. 22) was GRANTED. While financial problems may provide an explanation for, they do not constitute a defense to, criminal activity. See Bernabei v. United States, 473 F.2d 1385 (6th Cir. 1972) (holding "evidence of financial and domestic problems" are irrelevant to whether the defendant had committed the charged offense and, therefore, such evidence was properly excluded by the district court); accord United States v. Sempos, 772 F.2d 1 (1st Cir. 1985) (holding same and explaining "the fact that Sempos had domestic or financial problems does not [allow him] to disregard the law") (citing

---

[1] Two of the motions (docs. 22, 23) were filed several weeks prior to trial, after which I entered an order denying the motions until they could be resolved at trial.

[2] The defendant's oral Rule 29 motion for judgment of acquittal at the close of the evidence --- which I granted --- will be addressed by separate order entered contemporaneously herewith.

Bernabei). However, evidence relating to the mortgage foreclosure actions filed against the defendant were relevant to why he was disposing of the tusks --- i.e., his large (8,000 square foot) house was being foreclosed on and he no longer had space to keep them --- so, to that extent, the evidence was allowable.

The government's motion in limine to preclude the defendant from arguing questions of law to the jury regarding the applicable of the regulations (doc. 23) was GRANTED. I decided that issue as a matter of law. Thus, the government's motion in limine requesting an additional jury instruction on that issue (doc. 34), and its motion in limine to introduce expert witness testimony in support thereof (doc. 35), were both DENIED as moot

The defendant's motion in limine to release Brady materials (doc. 43) was also DENIED as moot (see the government's response at doc. 44).

And finally, the defendant's motion to dismiss count three of the indictment for duplicity (doc. 46) was DENIED. Although the government clearly charged two offenses in count three, "[d]uplicity is not a fatal defect" and may be remedied "if the United States were required to elect upon which charge it would proceed. The entire count should not be dismissed when a less drastic ruling will suffice." Reno v. United States, 317 F.2d 499, 502 (5th Cir. 1963) (citation and quotation marks omitted) (binding precedent pursuant to Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981)). As the government elected to (and did) proceed at trial on only one of the two charged offenses, the error was harmless. Id.

DONE and ORDERED this 12th day of November, 2013.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge