IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES,

     v.                                              Case No.: 3:13cr48/RV

CHARLES KOKESH
_____/

**ORDER**

This criminal case was tried before a jury from October 30, 2013, through November 1, 2013. At the end of the evidence, I granted the defendant's motion for judgment of acquittal and subsequently entered a written order to that effect. Now pending is the defendant's motion for reimbursement of his attorney's fees and costs under the "Hyde Amendment." Pub. L. No. 105-119, § 617, 111 Stat. 2440 (1997) (reprinted in 18 U.S.C. § 3006A) (doc. 62).

The background of this case is set forth in my written order granting the judgment of acquittal (doc. 55), and it is incorporated herein. Briefly, in November 2011, the defendant attempted to sell, or sold (which he denies, see note 1 infra), two African elephant tusks that he had lawfully acquired and legally imported into the United States as "sporting trophies" from a hunting safari that he had taken in Namibia several years prior. The government believed that this attempted sale (or sale) violated federal law, so it charged him by indictment with one count of sale and/or transport of elephant tusks in violation of the Endangered Species Act, and two counts of making a "false record" and account of wildlife in violation of the Lacey Act. Upon review of the relevant law and the evidence at trial, I concluded that the defendant was entitled to judgment of acquittal on each of the counts as no reasonable jury could find --- based on the evidence presented --- that what he did (however characterized) was illegal. The defendant now seeks reimbursement

for his attorney's fees and costs on the ground that the government brought a case to trial "that had no reasonable basis" and "that never should have happened." The government has filed a response in opposition to this motion.

"Congress enacted the Hyde Amendment as part of the Appropriations Act of 1998, and it provides a high standard for an award of attorney's fees and costs against the United States in a criminal case." United States v. Shaygan, 652 F.3d 1297, 1311 (11th Cir. 2011). A prevailing defendant faces a "'daunting obstacle'" in seeking fees and costs under the statute. See id. at 1312. He may recover only if the court finds that the position of the United States was objectively "vexatious, frivolous, or in bad faith." Id. at 1311-12. As the Eleventh Circuit has explained:

> [A] lot more is required under the Hyde Amendment than a showing that the defendant prevailed . . . [at trial]. A defendant must show that the government's position underlying the prosecution amounts to prosecutorial misconduct --- a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous.
>
> * * *
>
> Because the words "vexatious, frivolous, or in bad faith," are not defined in the Hyde Amendment, we defined them in [United States v. Gilbert, 198 F.3d 1293, 1298-99 (11th Cir. 1999)], according to their ordinary meaning. "Vexatious" means "without reasonable or probable cause or excuse." Id. A "frivolous action" is one that is "[g]roundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." Id. at 1299 (alterations in original). "'[B]ad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Id.

Shaygan, supra, 652 F.3d at 1312 (internal citations omitted).

*Case No.: 3:13cr48/RV*

The defendant has advanced several arguments in his motion. He contends that the government gave incorrect legal instruction to the grand jury; it knowingly or recklessly presented false testimony to the grand jury; it "evaded" questions by the grand jury that might have exculpated him; and it provided the grand jury with "false and distorted" facts. After close and careful review of these arguments (and the excerpts from the grand jury proceeding), I find that the defendant's claims are not supported in the record and that each claim has been persuasively rebutted by the government in its response in opposition.[1] While the defendant certainly was entitled to an acquittal as a matter of law, he has not overcome the "daunting obstacle" and satisfied the "high standard" for recovery of his attorney fees and costs, as he has not demonstrated that the government's position underlying the prosecution constituted misconduct, i.e., that it was "brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous." Shaygan, supra, 652 F.3d at 1312.

The defendant's motion for attorney fees and costs (doc. 62) is DENIED.

DONE and ORDERED this 21st day of March, 2014.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge

---

[1] To highlight just one of the several examples, the defendant contends that the government engaged in misconduct and falsely represented to the grand jury that he sold the elephant tusks when, in fact, the sale was never formally finalized. As the government correctly notes, however, and as I stated at trial, whether there was a formal sale is of little consequence as there was, if nothing else, evidence of an attempted sale. See, e.g., United States v. Resendiz-Ponce, 549 U.S. 102, 110 n.7, 127 S. Ct. 782, 166 L. Ed. 2d 591 (2007) (noting that "a defendant indicted only for a completed offense can be convicted of attempt"); accord United States v. Elk-Booth, 822 F. Supp. 2d 1089, 1094 & n.2 (D. Mont. 2011) ("attempt, like aiding and abetting, is implied in every federal indictment") (citing Resendiz-Ponce).

*Case No.: 3:13cr48/RV*